IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HUGH RICHARD LUMSDEN and CATHARINE ELIZABETH OSTRYHON, Individually and as Co-Administrators of the ESTATE OF WALTER GERALD LUMSDEN, Deceased, <br><br> Plaintiffs, <br><br> v. <br><br> VENCOR HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL-PITTSBURGH, <br><br> Defendant. | Civil Action No. |

## NOTICE OF REMOVAL

NOW COMES the Defendant, Kindred Hospitals East, LLC d/b/a Kindred Hospital-Pittsburgh (hereinafter "Kindred Hospital"), incorrectly identified as Vencor Hospitals East, LLC d/b/a Kindred Hospital-Pittsburgh, by and through its attorneys, Burns White LLC, Joseph A. Macerelli, Esquire and Jessica M. Jurasko, Esquire, and files this Notice of Removal pursuant to 28 U.S.C. § 1441 *et seq.* Kindred Hospital submits that the United States District Court for the Western District of Pennsylvania has original diversity jurisdiction over this Civil Action and this matter may be removed to the District Court in accordance with the procedures provided at 28 U.S.C. § 1446. In further support of this Notice of Removal, Defendant states as follows:

1. Plaintiffs, Hugh Richard Lumsden and Catharine Elizabeth Ostryhon filed a Complaint in the Court of Common Pleas of Allegheny County on or about December 15, 2016. A true and correct copy of Plaintiffs' Complaint and Notice to Defend are attached hereto as Exhibit A.

2. Defendant first received a copy of the Complaint on December 15, 2016.

3. This matter was initiated by a Praecipe for Writ of Summons on June 2, 2016 (Exhibit B). A docket entry for the Sheriff return indicating that the Defendant was served is dated June 8, 2016 (Exhibit C). Counsel for Defendant entered his appearance on June 14, 2016 (Exhibit D).

4. Upon information and belief, the documents which are attached hereto constitute all the pleadings, processes and Orders which were filed in connection with the state court action.

5. Plaintiffs filed suit individually and as the co-administrators of the Estate of Walter Lumsden, their son. At all relevant times, upon information and belief, Plaintiffs' decedent was a resident of Ontario, Canada. At all relevant times, upon information and belief, Plaintiffs are residents of Ontario, Canada. (See Complaint, Exhibit A, attached hereto).

6. At all relevant times, Kindred Hospitals East, LLC is a Delaware limited liability corporation.

7. At all relevant times, Kindred Hospital East, LLC, owned, operated and conducted business as Kindred Hospital – Pittsburgh at a facility located at 7777 Steubenville Pike, Oakdale, Pennsylvania 15071. Accordingly, it is averred that complete diversity exists between the parties.

8. Plaintiffs allege a professional liability claim against Defendant Kindred Hospital. They assert that the transfer of their son, Walter, to Kindred Hospital-Pittsburgh in 2014 resulted in failure to properly evaluate Mr. Lumsden prior to his admission and in

making improper recommendations that it would be medically possible to wean Mr. Lumsden off a ventilator.

9. Plaintiffs further averred that as a result of the alleged conduct on the part of Defendant Kindred Hospital, Plaintiffs have suffered damages by way of all hospital, surgical, nursing, and medical expenses by the necessitated reason to move Walter to Pennsylvania and his allegedly frivolous admission to Kindred Hospital, in addition to other damages in excess of the jurisdictional arbitration limits in state court.

10. The defendant may remove suit to a federal court notwithstanding the failure of the plaintiff to plead a specific dollar amount in controversy unless it appears to a legal certainty that the plaintiff cannot recover more than the jurisdictional amount of $75,000; "[t]he rule does not require the removing defendant to prove to a legal certainty the plaintiff can recover $75,000." Frederico v. Home Depot, 507 F.3d 188, 195 (3d. Cir. 2007) citing Valley v. State Farm Fire & Cas., Co., 504 F. Supp. 2d 1, 3-4 (E.D. Pa. 2006) (internal citations omitted).

11. In view of the relief requested, Plaintiffs' Complaint seeks in excess of $75,000. It is believed and therefore averred by Defendant that Plaintiffs are seeking an amount in excess of $75,000.00.

12. This federal judicial district encompasses Allegheny County, Pennsylvania, where the Plaintiffs' Complaint was originally filed.

13. Since Plaintiffs and Defendant are citizens of not only different states but different countries, and because the amount in controversy exceeds $75,000.00, the United States District Court for the Western District of Pennsylvania has original jurisdiction over this matter.  (See 28 U.S.C. § 1332).

3

14. Section 1332 confers original jurisdiction over all civil matters where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states.

15. Defendant, Kindred Hospital, submits that this matter may be removed to the United States District Court for the Western District of Pennsylvania pursuant to 28 U.S.C. § 1441, which permits removal of any civil action to the District Courts that have original jurisdiction.

WHEREFORE, Defendant, Kindred Hospital, respectfully requests to remove the instant Civil Action filed in the Court of Common Pleas of Allegheny County to the United States District Court for the Western District of Pennsylvania, pursuant to 28 U.S.C. § 1441.

Respectfully submitted,

BURNS WHITE LLC

By:   /s/ Joseph A. Macerelli_____
Joseph A. Macerelli, Esquire
Jessica M. Jurasko, Esquire
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the within Notice of Removal was served upon all counsel of record via first class mail, postage prepaid, this 13th day of January, 2017.

>Robert F. Daley, Esquire
>Katelyn M. Dornburg, Esquire
>Robert Peirce & Associates, P.C.
>2500 Gulf Tower
>707 Grant Street
>Pittsburgh, PA  15219
>
>*(Counsel for Plaintiffs)*

/s/ Joseph A. Macerelli
Joseph A. Macerelli, Esquire
Jessica M. Jurasko, Esquire