# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

## Civil Division

HUGH RICHARD LUMSDEN and CATHARINE ELIZABETH OSTRYHON, Individually and as Co-Administrators of the Estate of WALTER GERALD LUMSDEN, Deceased,

    Plaintiffs,

vs.

VENCOR HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL - PITTSBURGH,

    Defendant.

No.: GD-16-009768

PLAINTIFFS' COMPLAINT

Code:

Filed on Behalf of: Plaintiffs Hugh Richard Lumsden and Catharine Elizabeth Ostryhon, Individually and as Co-Administrators of the Estate of Walter Gerald Lumsden, Deceased

Counsel of Record for this Party:

ROBERT F. DALEY, ESQUIRE
Pa. I.D. No.: 81992

KATELYN M. DORNBURG, ESQUIRE
Pa. I.D. No.: 319093

ROBERT PEIRCE & ASSOCIATES, P.C.
Firm I.D. No.: 839

2500 Gulf Tower, 707 Grant Street
Pittsburgh, PA 15219
(412) 281-7229



EXHIBIT A

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and
CATHARINE ELIZABETH OSTRYHON,
Individually and as Co-Administrators of the
Estate of WALTER GERALD LUMSDEN,
Deceased,

    Plaintiffs,

vs.    No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a
KINDRED HOSPITAL - PITTSBURGH,

    Defendant.

## NOTICE TO DEFEND

You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice were served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, THEN YOU SHOULD GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP:

1

**LAWYER REFERRAL SERVICE**
ALLEGHENY COUNTY BAR ASSOCIATION
11TH FLOOR KOPPERS BUILDING
436 SEVENTH AVENUE
PITTSBURGH, PA 15219
TELEPHONE 412-261-5555

YOU MUST RESPOND TO THIS COMPLAINT WITHIN TWENTY (20) DAYS OR A JUDGMENT FOR THE AMOUNT CLAIMED MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. IF YOU DO NOT APPEAR FOR THE HEARING, THE CASE MAY BE HEARD IMMEDIATELY BEFORE A JUDGE. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and
CATHARINE ELIZABETH OSTRYHON,
Individually and as Co-Administrators of the
Estate of WALTER GERALD LUMSDEN,
Deceased,

        Plaintiffs,

vs.

No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a
KINDRED HOSPITAL - PITTSBURGH,

        Defendant.

## PLAINTIFFS' COMPLAINT

AND NOW, come the Plaintiffs, Hugh Richard Lumsden and Catharine Elizabeth Ostryhon, Individually and as Co-Administrators of the Estate of Walter Gerald Lumsden, Deceased, by and through their undersigned counsel, Robert F. Daley, Esquire; Katelyn M. Dornburg, Esquire; and the law firm of Robert Peirce & Associates, P.C., and claims damages of the Defendant, Vencor Hospitals East, LLC d/b/a Kindred Hospital - Pittsburgh, upon causes of action, the following which are statements:

1. Plaintiffs Hugh Richard Lumsden and Catharine Elizabeth Ostryhon are adult individuals residing at 11580 Beach Road East, Wainfleet, Ontario, Canada, L0S 1V0.

2. Hugh Richard Lumsden and Catharine Elizabeth Ostryhon are the parents and natural guardians of Plaintiffs' Decedent, Walter Gerald Lumsden.

3. Walter Gerald Lumsden passed away on October 14, 2014.

1

4. Hugh Richard Lumsden and Catharine Elizabeth Ostryhon were appointed Estate Trustees Without a Will for the Estate of Walter Gerald Lumsden by a Certificate of Appointment of Estate Trustee Without a Will on May 20, 2015 by the Superior Court of Justice of Ontario, Canada.

5. Upon information and belief, an Estate Trustee Without a Will is the Canadian equivalent of an Administrator of an Estate.

6. Upon information and belief, Defendant Vencor Hospitals East, LLC is a Delaware limited liability corporation.

7. Upon information and belief, Defendant Vencor Hospitals East, LLC does business in Allegheny County as Kindred Hospital - Pittsburgh, located at 7777 Steubenville Pike, Oakdale, Allegheny County, Pennsylvania, 15071.

8. Defendant Vencor Hospitals East, LLC and its fictitious business entity Kindred Hospital – Pittsburgh will hereinafter be collectively referred to as "Kindred".

9. At all times material and relative hereto, Defendant Kindred was a healthcare facility as that term is defined in 35 P.S. § 448.802(a).

10. Accordingly, Kindred is a "licensed professional" as that term is defined in 40 P.S. § 1303.503, and Plaintiffs are asserting a professional liability claim against Defendant Kindred.

11. Pursuant to Pa.R.C.P. 1042.1, Plaintiffs are asserting a professional liability claim against Defendant Kindred.

12. At all times relevant hereto, Kindred was acting independently and by and through its authorized agents, servants and employees, who were then and there acting within the course and scope of their employment.

## FACTS COMMON TO ALL CAUSES OF ACTION

13. In August, 2011, 20 year-old Walter Lumsden suffered from a severe, paralyzing accident while diving off of a breakwall into water which, unbeknownst to him, was shallow and filled with rocks.

14. As a result of his head and neck trauma, Walter sustained severe and irreversible spinal cord injuries.

15. These injuries caused C3-C4 quadriparesis and cardiac arrest, which in turn, caused Walter to suffer from an anoxic brain injury.

16. For the next three years of his life, Walter was ventilator-dependent and paralyzed.

17. The Lumsden family hoped that Walter would be able to wean himself off of his ventilator.

18. Having exhausted their options in the Canadian Healthcare Network, Walter's parents began looking in the United States for healthcare providers who may have been able to assist Walter in his recovery.

19. Specifically, Walter's family looked for providers who were willing to attempt to wean Walter off of his ventilator.

20. Walter's parents entered into conversations with Kindred in Pittsburgh.

21. The Lumsden family had approximately six phone calls with Kindred's staff before his admission.

22. Kindred's staff and the Lumsden family discussed the possibility of Walter entering Kindred for treatment and possible ventilator weaning.

23. Unbeknownst to Walter's family, it was medically impossible to have Walter weaned from the ventilator.

24. Nevertheless, upon Kindred's urging, the Lumsden family agreed to pay for Walter's stay completely out-of-pocket.

25. Walter's mother described her conversations with Kindred's staff as "optimistic and encouraging".

26. Walter's mother would not have permitted her son to be transferred from Welland Hospital to Kindred, had she not been under the impression that Kindred would be able to wean him off of his ventilator.

27. Prior to admission, Kindred was in possession of Walter's medical records from Welland Hospital.

28. Walter's medical records from Welland Hospital note that he suffered from "irreversible brain damage".

29. Additionally, Walter's diaphragm and intercostal muscles were paralyzed, meaning there was no hope that he could be successfully weaned off his ventilator.

30. Despite the fact that there was no medical or scientific possibility Walter could ever be weaned from his ventilator, Kindred agreed to accept Walter for ventilator weaning as a private pay patient.

31. On June 12, 2014, Walter was transferred to Kindred Hospital from Welland Hospital.

32. It quickly became apparent to Kindred's staff that Walter would never be weaned from his ventilator, despite Kindred's representations to the contrary.

33. Upon informing the Lumsden family that Walter could not be weaned off of his ventilator, Kindred's staff recommended that he be sent to the University Hospital in Ohio for possible diaphragmatic pacing.

34. However, diaphragmatic pacing is not recommended for individuals with spinal cord injuries in the C3-C5 region like Walter.

35. On September 9, 2014, Walter was discharged from Kindred Hospital and admitted to The University Hospital in Ohio for diaphragmatic pacing.

36. Diaphragmatic pacing was unsuccessful.

37. Walter Lumsden died on October 14, 2014 in Canada with his family at his side at the age of 23.

## COUNT I

### NEGLIGENCE

38. All preceding paragraphs of this Complaint are incorporated herein, as if set forth more fully at length.

39. At all times material and relevant hereto, Defendant Kindred acted by and through its authorized agents, servants and/or employees.

40. Defendant Kindred, as well as its authorized agents, servants, and/or employees had a duty to act prudently, and had a duty to provide reasonable and ordinary care and care services to Walter Lumsden.

41. Defendant Kindred, as well as its authorized agents, servants, and/or employees had a duty to ensure that all persons providing care within the Kindred facility were competent to provide that care.

42. Defendant Kindred, as well as its authorized agents, servants, and/or employees had a duty to formulate, adopt, and enforce adequate rules and policies to ensure quality care for patients such as Walter Lumsden.

43. Defendant Kindred, as well as its authorized agents, servants, and/or employees negligently breached their duties owed to Walter Lumsden in the following particulars:

    a. In failing to properly evaluate Walter Lumsden prior to his admission, as pled herein;

    b. In failing to recognize that Walter Lumsden would remain in a persistent, vegetative state, and ventilator-dependent for the remainder of his life, as pled herein;

    c. In failing to consider Walter Lumsden's multiple medical issues and their effects on his ability to wean off of a ventilator, as pled herein;

    d. In failing to relay to the Lumsden family the medical impossibility that Walter Lumsden would be able to wean off his ventilator, as pled herein;

    e. In allowing the Lumsden family to feel "hopeful and optimistic" about the possibility of Walter Lumsden weaning off of his ventilator, when it was apparent that this was impossible, as pled herein;

    f. In accepting the Lumsden family's private payment for ventilator weaning in a case where it was medically impossible for Walter Lumsden to wean off his ventilator, as pled herein; and,

    g. In recommending that Walter Lumsden be transferred to University Hospital for unattainable diaphragmatic pacing

when it became apparent that he would not be able to wean off of his ventilator, as pled herein.

44. As a direct and proximate result of the negligent and careless conduct of Defendant Kindred, as set forth above, Walter Lumsden suffered weeks of medically unnecessary and fruitless care, while his parents hoped for a recovery that was medically impossible.

45. As a result of the previously described conduct of Defendant Kindred, Plaintiffs Hugh Richard Lumsden and Catharine Elizabeth Ostryhon, Individually and as Co-Administrators of the Estate of Walter Gerald Lumsden, seeks damages for the following items:

    a. All hospital, surgical, nursing, and medical expenses by necessitated by reason of Walter's frivolous admission to Kindred Hospital; and;

    b. Any other losses or damages permitted by law.

WHEREFORE, Plaintiffs Hugh Richard Lumsden and Catharine Elizabeth Ostryhon, Individually and as Co-Administrators of the Estate of Walter Gerald Lumsden, Deceased, claim damages of Defendant Vencor Hospitals East, LLC d/b/a Kindred Hospital - Pittsburgh, and demand compensatory and consequential damages from the Defendant in an amount in excess of the jurisdictional arbitration limits, together with interest, costs of suit, and any other relief this Honorable Court deems appropriate, to recover which this suit is brought.

A JURY TRIAL IS DEMANDED.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: *Katie Dornburg*
KATELYN M. DORNBURG, ESQUIRE
Counsel for Plaintiffs

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and
CATHARINE ELIZABETH OSTRYHON,
Individually and as Co-Administrators of the
Estate of WALTER GERALD LUMSDEN,
Deceased,

    Plaintiffs,

vs.                          No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a
KINDRED HOSPITAL - PITTSBURGH,

    Defendant.

**CERTIFICATE OF MERIT REGARDING DEFENDANT
VENCOR HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL - PITTSBURGH**

I, Katelyn M. Dornburg, Esquire, certify that:

__X__ An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the defendant in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about harm;

And

__X__ The claim that defendant deviated from an acceptable professional standard is based solely or in part on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm;

1

Or

\_\_\_\_\_ Expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against these defendants.

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: *[signature: Kate Dornburg]*
KATELYN M. DORNBURG, ESQUIRE
Counsel for Plaintiffs

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and CATHARINE ELIZABETH OSTRYHON, Individually and as Co-Administrators of the Estate of WALTER GERALD LUMSDEN, Deceased,

    Plaintiffs,

vs.

No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL - PITTSBURGH,

    Defendant.

## VERIFICATION

I verify that the averments of fact made in the foregoing Plaintiffs' Complaint are true and correct and based on my personal knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

Dec/7/16
Dated

_____
HUGH RICHARD LUMSDEN

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and
CATHARINE ELIZABETH OSTRYHON,
Individually and as Co-Administrators of the
Estate of WALTER GERALD LUMSDEN,
Deceased,

    Plaintiffs,

vs.

No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a
KINDRED HOSPITAL - PITTSBURGH,

    Defendant.

## VERIFICATION

I verify that the averments of fact made in the foregoing Plaintiffs' Complaint are true and correct and based on my personal knowledge, information or belief. I understand that averments of fact in said document are made subject to the penalties of 18 Pa. C.S. §4904, relating to unsworn falsifications to authorities.

Dec. 7, 2016
Dated

CATHARINE ELIZABETH OSTRYHON

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

Civil Division

HUGH RICHARD LUMSDEN and CATHARINE ELIZABETH OSTRYHON, Individually and as Co-Administrators of the Estate of WALTER GERALD LUMSDEN, Deceased,

Plaintiffs,

vs.

No.: GD-16-009768

VENCOR HOSPITALS EAST, LLC d/b/a KINDRED HOSPITAL - PITTSBURGH,

Defendant.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Plaintiffs' Complaint was served by first class United States mail, postage pre-paid this _15th_ day of _December_, 2016, upon counsel for the Defendant, addressed as follows:

Joseph A. Macerelli, Esquire
Burns White, LLC
Four Northshore Center
106 Isabella Street
Pittsburgh, PA  15212

Respectfully submitted,

ROBERT PEIRCE & ASSOCIATES, P.C.

By: _Kate Dornburg_

KATELYN M. DORNBURG, ESQUIRE
Counsel for Plaintiffs